UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN LESLIE BOYT,

    Petitioner,

v.    CASE NO. 09-13508
    HONORABLE NANCY G. EDMUNDS

JEFF WHITE,

    Respondent.

_____/

## OPINION AND ORDER DENYING THE HABEAS CORPUS PETITION AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner Steven Leslie Boyt has filed a *pro se* habeas corpus petition challenging his state conviction for aggravated stalking. Respondent Jeff White urges the Court to deny relief. Having reviewed the pleadings and state court record, the Court concludes that Petitioner's claims lack merit. Accordingly, the habeas petition will be denied.

## I. Background

The facts leading to Petitioner's conviction have been accurately summarized by the state court as follows:

> Defendant and the victim lived in neighboring duplexes in Lake Orion. The victim testified that she was kind to defendant because she knew he had medical problems and did not own a vehicle. She gave him her home telephone and cellular telephone numbers and occasionally provided him with transportation over the course of several months in 2005. Defendant and the victim engaged in friendly social visits and even attended a wedding together. Defendant began showing up at the victim's home at various hours of the evening and early morning when he was intoxicated. The victim objected, and she stopped answering her door. The victim repeatedly requested that defendant stop calling her, stop coming over to her home, and leave her alone. Defendant continued to come over to the victim's home, and

> on July 4, 2005, he pounded on her door and broke a window. Some time after that incident, the victim called the police for the first time.
>
> Defendant was arrested and jailed, but he continued to call the victim from jail. The victim accepted one telephone call from jail, and she admitted that she "said a lot of things that [defendant] wanted to hear[,]" including that she missed him and would not show up for court. However, at the end of the call, the victim told defendant that she had been left with no choice but to call the police because he would not listen to her and stop coming to her home. Although the victim did not answer any more calls, defendant continued to call from jail throughout August, September, and October, until the victim placed . . . a block on calls from the jail. During defendant's incarceration, approximately 270 telephone calls were placed to the victim's telephone number from jail cells where defendant was housed. Following a bench trial, defendant was convicted of misdemeanor stalking, MCL 750.411h, on October 10, 2005, and he was sentenced to 90 days in jail. After his release from jail on October 25, 2005, defendant began calling the victim again, sometimes as often as every 10 minutes, and often leaving messages on the victim's answering machine. The victim again reported his conduct to the police.
>
> Defendant was arrested again . . . on December 9, 2005 and charged with aggravated stalking for conduct occurring between July 24, 2005 and trial, which occurred on May 25 and 26, 2006.

*People v. Boyt*, No. 272728, 2008 WL 81284, at *1 (Mich. Ct. App. Jan. 8, 2008).

On May 26, 2006, an Oakland County Circuit Court jury found Petitioner guilty, as charged, of aggravated stalking. *See* Mich. Comp. Laws § 750.411i. The trial court sentenced Petitioner as a fourth felony offender to imprisonment for eighteen months to fifteen years. The Michigan Court of Appeals affirmed Petitioner's conviction, *see Boyt*, 2008 WL 81284, at *1, and on September 9, 2008, the Michigan Supreme Court denied leave to appeal. *See People v. Boyt*, 482 Mich. 977; 754 N.W.2d 878 (2008).

Petitioner filed his habeas petition on September 4, 2009. He claims that the prosecution for aggravated stalking was barred by the Double Jeopardy Clause and that his trial attorney was ineffective for failing to adequately object to his second prosecution

2

for stalking.

## II. Standard of Review

Petitioner is entitled to habeas corpus relief only if the state court's adjudication of his claims on the merits

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Under 28 U.S.C. § 2254(e)(1), a state court's factual determinations are presumed to be correct unless the habeas petitioner rebuts them with clear and convincing evidence.

Granting a habeas petition under the "contrary to" clause is only appropriate "if the state court arrive[d] at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decide[d] a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Instead, a habeas court must ask "whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409.

3

### III. Discussion

### A. The Double Jeopardy Claim

Petitioner claims that the prosecution against him for aggravated stalking was barred by the Double Jeopardy Clause because he was previously convicted of misdemeanor stalking for the same conduct. The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Clause "is enforceable against the States through the Fourteenth Amendment." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The guarantee not to be twice put in jeopardy "consist[s] of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Id.* (footnotes omitted).

### 1. The Second Prosecution

Petitioner is invoking the second double jeopardy protection: a second prosecution for the same offense after conviction. He alleges that his misdemeanor stalking conviction was based on conduct that occurred from March of 2005 through October 9, 2005, and that the aggravated stalking charge was based on conduct that occurred from July 24, 2005 through May 26, 2006. Because the dates for the conduct underlying the two prosecutions overlap to some extent, Petitioner argues that he was convicted twice for the same conduct.

The Michigan Court of Appeals held that Petitioner's misdemeanor conviction was based on conduct that occurred on July 23, 2005, and that his felony conviction was based

4

on conduct that occurred from July 24, 2005, through May 26, 2006. The Court of Appeals concluded that the two convictions arose out of distinct occurrences or episodes and, therefore, Petitioner's aggravated stalking conviction did not violate double jeopardy principles.

Even if the Court accepts Petitioner's contention that conduct committed from July 24, 2005, through October 9, 2005 was encompassed by his misdemeanor conviction, "a mere overlap in proof between two prosecutions does not establish a double jeopardy violation." *United States v. Felix*, 503 U.S. 378, 386 (1992).

> The Double Jeopardy Clause is not violated even where the prosecution relies upon a 'substantial overlap in the proof offered to establish the crimes.' *Iannelli v. United States*, 420 U.S. 770, 785, 95 S. Ct. 1284, 1293, 43 L. Ed. 2d 616 (1975). A single act or transaction, moreover, may produce distinct offenses under separate criminal statutes. *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981).

*United States v. Faymore*, 736 F.2d 328, 332 (6th Cir. 1984). The Court therefore concludes that Petitioner's prosecution for aggravated stalking was not barred by the Double Jeopardy Clause even if there was a substantial overlap in the proofs at Petitioner's misdemeanor and felony trials.

### 2. Multiple Punishments

Petitioner claims that all the elements of misdemeanor stalking, and no additional elements, are contained in the statutory definition for aggravated stalking and, therefore, he was prosecuted, convicted, and punished twice for the same offense. "Whether punishments are 'multiple' under the double jeopardy clause is essentially a question of legislative intent." *Banner v. Davis*, 886 F.2d 777, 779-80 (6th Cir. 1989) (citing *Ohio v. Johnson*, 467 U.S. 493, 499 (1983); *Missouri v. Hunter*, 459 U.S. 359, 366-68 (1983)).

5

"When assessing the intent of a state legislature, a federal court is bound by a state court's construction of that state's own statutes" and "by a state court's determination of the legislature's intent." *Id.* at 780. "Thus, for purposes of double jeopardy analysis, once a state court has determined that the state legislature intended cumulative punishments, a federal habeas court must defer to that determination." *Id.*

In Michigan, stalking is defined as "a willful course of conduct involving repeated or continuing harassment of another individual that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested and that actually causes the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested." Mich. Comp. Laws § 750.411h((1)(d). "Aggravated stalking consists of the crime of 'stalking,' M.C.L. § 750.411h(1)(d), and the presence of an aggravating circumstance specified in M.C.L. § 750.411i(2)." *People v. Threatt*, 254 Mich. App. 504, 505; 657 N.W.2d 819, 820 (2002). The aggravating circumstances specified in § 750.411i(2) are: (1) an action taken in violation of a restraining order, injunction, or preliminary injunction; (2) an action taken in violation of a condition of probation, parole, pretrial release, or release on bond pending appeal; (3) the making of a credible threat against the victim, a member of the victim's family, or another individual living in the victim's household; or (4) a prior conviction for stalking.

Although both stalking and aggravating stalking protect individuals against harassment, a criminal penalty may be imposed under the aggravated stalking statute "in addition to any penalty that may be imposed for any other criminal offense arising from the same conduct or for contempt of court arising from the same conduct." Mich. Comp. Laws § 750.411i(6). It clear from this subsection of the aggravated stalking statute that the

Michigan Legislature intended to impose multiple punishments for Petitioner's convictions of stalking and aggravated stalking. *See People v. Coones*, 216 Mich. App. 721, 728; 550 N.W.2d 600, 603 (1996) (concluding from § 750.411i(6) that the Michigan Legislature intended to impose multiple punishments for aggravated stalking and criminal contempt for violating a temporary restraining order). Therefore, Petitioner's right not to be punished twice for the same offense was not violated by his convictions for both stalking and aggravated stalking.

## B. Trial Counsel

Petitioner's only other claim is that his trial attorney was ineffective for failing to adequately object to Petitioner's felony prosecution for aggravated stalking. To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" or if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. For the reasons given above, Petitioner's rights under the Double Jeopardy Clause were not violated. Petitioner's attorney therefore was not ineffective for allegedly failing to adequately challenge Petitioner's second prosecution. *See Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001) (concluding that an attorney "cannot be ineffective for a failure to raise an issue that lacks merit").

7

## IV. Conclusion

The state appellate court's adjudication of Petitioner's claims was not an unreasonable determination of the facts, contrary to clearly established federal law as determined by the Supreme Court, or an unreasonable application of Supreme Court precedent. Accordingly, the petition for a writ of habeas corpus is **DENIED**.

## V. Certificate of Appealability

An appeal may not be taken from the final order in a state prisoner's habeas corpus case unless a judge or circuit justice issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not find the Court's resolution of Petitioner's claims debatable or wrong, nor conclude that the issues warrant encouragement to proceed further. The Court therefore **DECLINES** to issue a certificate of appealability. However, if Petitioner chooses to appeal this decision, he may proceed *in forma pauperis* on appeal without further authorization because he was permitted to proceed *in forma pauperis* in this Court. Fed. R. App. P. 24(a)(3).

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: August 9, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 9, 2010, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager